**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfonso GONZALEZ–CONTRERAS, aka Poncho, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Leanne Fern Contreras, Defendant— Appellant.**

Nos. 03–10521, 03–10541.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided Aug. 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Trapp, Esq., Hagatna, GU, for Defendant—Appellant.

Before: D.W. NELSON, KOZINSKI and BEA, Circuit Judges.

MEMORANDUM **

*I. Appeal of Defendant Leanne Fern Contreras*

■ 1. Venue was proper in Guam. Defendant had several telephone conversations with an undercover officer located in Guam in connection with the money laundering conspiracy. During these conversations, she discussed arrangements for

the officer to deposit funds into her bank accounts and furnished the officer with bank account numbers. *See* 18 U.S.C. § 3237(a); *United States v. Meyers,* 847 F.2d 1408, 1411 (9th Cir.1988) ("[V]enue is appropriate in any district where an overt act committed in the course of the conspiracy occurred.") (quoting *United States v. Schoor,* 597 F.2d 1303, 1308 (9th Cir.1979) (internal quotation marks omitted)).

■ 2. Defendant claims there was no "enabling legislation" permitting her case to be transferred from California to Guam, but this is incorrect. *See* 48 U.S.C. § 1424 (the District Court of Guam has the "jurisdiction of a district court of the United States"); 18 U.S.C. § 3237(a). Because the District Court of Guam had jurisdiction over the case and venue was proper, defendant could lawfully be tried there without any waiver on her part.

3. The district court properly denied the requests for jury instructions on the undercover officer's role in the conspiracy, duress and coercion, entrapment and withdrawal. There was no evidence that would have allowed a reasonable juror to find in defendant's favor on any of these issues. *See, e.g., Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988).

4. There was sufficient evidence to support the jury's implicit finding that defendant possessed the requisite intent to commit the crime of money laundering. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

5. The district court did not err in calculating defendant's sentence. Defendant argues that her maximum offense level was 30. But defendant ignores U.S.S.G. § 2S1.1(b)(2)(B), pursuant to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

which the district court properly adjusted defendant's offense level to 32.

6. We do not order a limited remand of defendant's sentence pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc), because she does not request one.

## II. Appeal of Defendant Alfonso Gonzalez–Contreras

 1. Venue was proper in Guam. Defendant had multiple telephone conversations with the undercover officer located in Guam during which the two discussed the drug and money laundering conspiracies, and defendant arranged for shipments of drugs to be sent to Guam. *See* 18 U.S.C. § 3237(a); *Meyers*, 847 F.2d at 1411.

2. Sufficient evidence supported defendant's conviction for drug importation. *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. The jury heard evidence that defendant imported some drugs from Mexico to California before sending them on to Guam.

3. Defendant argues that his sentence was improperly enhanced based on the judge's determination that defendant played a supervisory role in the criminal enterprise. *See United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, defendant did not raise a Sixth Amendment objection to his sentence below. Consistent with *Ameline*, 409 F.3d at 1084, and pursuant to defendant's request, we order "a limited remand to the district court ... for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

## III. Conclusion

Defendant Leanne Fern Contreras's conviction and sentence are **AFFIRMED**. Defendant Alfonso Gonzalez–Contreras's conviction is **AFFIRMED**. As to defendant Gonzalez–Contreras's sentencing challenge, we **REMAND** for proceedings consistent with this disposition.